960 & 970 County Line Road v. Village of Bensenville 960 & 970 County Line Road v. Village of Bensonville Good morning. May it please the Court, my name is Mary Dixon. I represent the Village of Bensonville here this morning. And I ask at the end of this court proceeding that you affirm the trial court which properly dismissed plaintiff's complaint for failure to state a cause of action. This issue comes before you on a 2615 motion to dismiss plaintiff's complaint. If you look at plaintiff's complaint, which is what the trial court did in terms of coming to its decision, it's apparent that the pleadings before the court were to find the text amendment application, the denial of the application unconstitutional. And plaintiff has admitted the text amendment was going to apply district-wide, the eyeline district-wide. What the plaintiff sought was to make that text amendment deemed unconstitutional. In looking at the plaintiff's complaint, specifically in paragraphs 20 and 21 of the complaint, the plaintiff is pleading that the text amendment itself is unconstitutional and the decision should be denied. If you look at the prayer for relief in the complaint, the plaintiff requests in paragraphs A and B of the prayer for relief that the action of the village in denying the text amendment to allow the contractor's yard be deemed an unjustifiable and unreasonable exercise of police power or that it be held in violation of the Constitution. So looking at the plaintiff's complaint on the day that it was filed, the analysis the village undertook was the plaintiff is attempting to attack the constitutionality of the text amendment facially. And that's what should be done, as Justice Burke alluded to, if the text amendment is going to be applied to more than just one property. The as-applied challenge would be appropriate if the amendment, the zoning relief, as plaintiff wants to say, if the zoning relief were pertinent only to plaintiff's property, then the correct analysis would be as-applied. But in this case, clearly from the plaintiff's complaint, what the plaintiff wanted, and the plaintiff threw in a lot of information in the complaint relative to its own property, but what the plaintiff seeks is a court determination that the text amendment, which would apply district-wide, be held unconstitutional. And if you find that, then, oh, by the way, allow me the zoning relief that I seek. Forgetting, of course, that the zoning relief he seeks is a conditional use, which is akin to another name for a special use. But under zoning, if you're going for a conditional use or a zoning use, you have another hurdle. And that hurdle is you have to bring aside facts at a public hearing requisite to allowance of that specific use on your property. The relief plaintiff seeks here is determine that the text amendment applicable district-wide is unconstitutional, and then zone me the way I want, forgetting that you would be trampling all over the Illinois municipal code relative to zoning as it applies to a specific property. How does counsel get there, though? I mean, his argument is that this was a step in the process. His argument was that I had to do this text amendment, and then once it's granted, then I go to the as-applied stage. It's almost like a facial stage, then an as-applied stage, which you could deny as the village. And basically, it's a step in the process. We have to view this, then, as an as-applied challenge because it was a step in the process, and otherwise, he can't get any relief. Well, I disagree with that analysis. It's apparent from our motion to dismiss, which said you have what the plaintiff has pled, and that's what we're looking at, his complaint. Does his complaint give you the facts from which you could determine that the text amendment applicable district-wide is unconstitutional? That's a facial challenge. If the plaintiff had wanted, the plaintiff could have, which the plaintiff in Ableton attempted initially, the plaintiff could have made both a facial challenge and an as-applied challenge. Then if you found facially the constitutional text issue was unconstitutional, then you'd have facts to go on where you've got an as-applied challenge to it as well. And now you have the facts in front of you so that you could decide, okay, we've determined that the facial challenge is valid. Now let's look at what he's pled relative to as-applied. The plaintiff has admitted to you he never intended and did not bring a facial challenge to the ordinance. I think that's the constitutional infirmity in what has been pled. If you believe, as plaintiff would do, that no, no, no, you can look at it clearly just as an as-applied challenge to the statute, then under the laws that applies to as-applied challenges, his, the facts that he supported, which he's augmented here today, but the facts that he sets forth in his complaint are conclusory at best, and Napleton has said conclusory allegations don't have a role to play in a constitutional challenge. So either way, what plaintiff has said is I didn't and don't make a facial challenge, but I make an as-applied. Well, if you want to view it as a proper as-applied challenge, it would be our position here today that even under the as-applied challenge, a 2615 motion would have been proper. Now, the court heard the argument, and the court invited, and it was an interesting argument, but the court, after hearing the argument, offered the plaintiff the opportunity, being informed of the court's decision, to file another complaint, and instead plaintiff chose to simply seek reconsideration, at which time the court said you didn't really give me enough to reconsider my decision. I'm sticking on it, and then plaintiff, again, the court invited the plaintiff to file an amended complaint, and the plaintiff then invited the court to make its dismissal with prejudice to allow this appeal. What plaintiff has argued is that there is no case, and we both looked. We researched it, and at the invitation of Judge Bullerton, we did more research. It is difficult to find a case where a zoning text amendment is sought and denied, and yet the party brings a complaint seeking relief because, as the court well recognizes, historically in the state of Illinois, zoning is a function of local governments. It's one of their primary functions to determine use of property, classification of use on property, and courts don't like to step on that function, so when you have a municipality, and you believe that the municipality has made the decision to deny a text amendment applicable to either the community-wide or district-wide, the court has to start with the assumption that it's a valid ordinance, that the municipality has done its job. So the plaintiff wants to sidestep those cases and say, no, no, no, you have to look at it only as it applies to me, as it applies to my property and give me zoning relief. And there aren't cases. We both struggled to find cases that would go with his decision. Napleton looked close because in Napleton, which emanated from the 2nd District, from DuPage County, the plaintiff started with an as-applied and a facial, and a motion to dismiss was brought because her as-applied challenge was deemed not to be ripe yet. She agreed. She replied. Here, what the plaintiff would say is, my claim is ripe because unless you can force the municipality to zone, which you can't, I've been denied zoning relief. Except for that jumps a hurdle, and the hurdle is the municipality, you have to believe, made a learned decision in denying a text amendment to its zoning code in total, and so why should you then become the municipality and look at his property and say, the municipality and its decision district-wide doesn't matter. We're only going to look at your property. Does he make some good points about the use of the property for more intense purposes than what he wanted to use it for? So I know we have to presume the validity of the statute or the ordinance, but does he make some good arguments with respect to that? In the context of what he pled in his complaint, no, because he doesn't show why the property couldn't be used to its fullest and best potential under all of the allowances of the I district to begin with. All he says to you is, I want more. I don't want to use my property as the village of Bensonville currently zones it. In that respect, what he could have done and what people have done is say, the text amendment as it exists today doesn't allow me to use my property to the fullest potential. Then you're taking a concrete and affirmative action of the village. It has a zoning ordinance. He doesn't like the way the zoning ordinance applies to his property. Here he's kind of turning that on his head by saying they denied it and they were wrong. And there are cases that talk to that. Now, I did, because this is something, the pronouncement here may be an interesting pronouncement of the court. Does the litigant have to, when you're bringing a text amendment, and that text amendment provides you independent zoning relief? Maybe, because we don't know, even if the text amendment had been granted, you can't sit here today and say that he would have gotten zoning relief he wanted, because that's a conditional use requiring independent analysis of his property. And that's what the municipality would have done. So he wants you to leap over that. But let's say that that is the case. How does he bring that to the court? Maybe the best answer is he should have brought both. He should have brought a facial challenge and an as-applied challenge. And I did find a case in continued research on this that came out of this district, which is Thornburg, Thornburg, T-H-O-R-N-B-E-R, versus the Village of North Barrington. And it was one in which North Barrington adopted a text amendment and then zoned property relative to the text amendment. And a property owner sued on that. But even in that case, the analysis was, was the text amendment facially valid? And if the text amendment was or was not facially valid, that informs the decision as to the as-applied challenge. And here you don't have that. The plaintiff consistently argued, I'm not making a facial challenge. I just am bringing a challenge to the zoning of my property. But we're not there yet. Is a text amendment like this enough to bring an as-applied challenge, though? I mean, are you conceding that he doesn't have to seek reclassification, he doesn't have to seek a variance, he can just ask for the text amendment and then when that's denied, file a complaint in the circuit court that alleges both a facial and an as-applied challenge? No. In his case, no. He would have to bring both. He would have to have applied for or shown an attempt to apply for the zoning relief for his property. Individually? His own property? Correct. Okay. And in this case, what the plaintiff does say is, I tried that. I tried to apply for the text amendment and I tried to apply for the zoning relief for my own property. And in Bensonville, because you're putting a little bit of a cart before the horse, if the municipality isn't going to adopt it in the text amendment, why should we have a public hearing relative to the use of your property if we're going to deny the text amendment in total anyhow? So they make the applicant come forward with a zoning text amendment so that they can do the analysis requisite for a text amendment, particularly when the text amendment applies district-wide. It is confusing because under the zoning code, the municipal zoning code allows for both, and it's called text amendment or map amendment. If it's a text amendment, you're saying, I want something different in the text. If it's a map amendment, I want my property to be zoned differently. And so in this case, he wants a text amendment that applies district-wide,  Now, I don't believe that the plaintiff is without relief here. The plaintiff could have brought a correct facial challenge to the constitutionality of the ordinance. If the court would have deemed the actions of the municipality unconstitutional, they would have made that pronouncement, and I believe that that would have forced the municipality to rethink how they had ruled. Now, can the court legislate zoning? The Illinois case law says you can't sit as a super body questioning zoning decisions that are made, but you can test them for constitutional firmness, just as the situation, Justice Brick, that you recommended as a suggestion. What if, in Napleton, the court had determined that the removal of the zoning amendment was unconstitutional? What's the result? Well, the result would have been that it would have changed the code. Now, maybe the difference is here. It would have been reverted back to the original. Right. Now, maybe the difference is here. We are in unchartered territory because here the municipality denied it. They said, we don't want to amend our code. Based on what we have, we are not going to amend our code. But I don't think it's as simple as plaintiff wants it to be, which is to forget the fact to put on blinders and hone down on just his property. You're removing, really, the decision of the municipality relative to a text amendment that applied to more properties than just plaintiffs, and you're saying, I mean, in that case, you really are sitting as a super chamber on a decision that the municipal entity may have looked at district-wide because that's what you do on a text amendment. You don't look at a specific property because we know from Napleton and other cases what's constitutional in one situation might not be constitutional on another, and the court doesn't. There's no court that says, do that. That may be why a facial challenge is so difficult to make because it recognizes the separation of powers between the judiciary and us ordering a legislative body to do something. Well, and it recognizes the facial challenges. It's tough. It is tough. You have to show it's always wrong. But when you're looking at a text amendment that's applicable district-wide or village-wide, I think that's what you should do. You can't hone down and say, just as it applies to my particular property. And in conclusion— I just have one other quick question. Sure. If—in order to bring a facial challenge, you do not have to exhaust your administrative remedies, but to bring an as-applied challenge, you do. Are you arguing that the plaintiff did not exhaust its administrative remedies by not filing for reclassification, by not filing for a variance, by not filing both a text amendment for the whole district and then as-applied to that property? I certainly think that the plaintiff could have taken different steps to make the court's decision relative to its own property easier. In this case, the plaintiff applied for a text amendment which was denied, which I will agree with. The plaintiff effectively removes his ability to use his property as a contractor's yard right now. But could he have then brought a case that said that the current zoning ordinance as applied to his property is unconstitutional? I think he could have brought that as an applied challenge. I don't think he can do the reverse, simply as an as-applied challenge. And this was—just to go back to where we started— this was a 2615 motion, and looking at plaintiff's complaint, the way that the village did and ultimately the way the trial court did, notwithstanding what plaintiff wants to say, it looks like, it smells like, it tastes like a facial challenge because of the relief that's sought. So that's the bottom line here. The trial court looked at the relief sought, and based on that said, you did not state a cause of action to support the relief you're seeking. Facial challenge, because what the plaintiff wants is to have the text amendment declared void. Now, as a byproduct of that, the plaintiff seeks additional relief, saying, if it's void, give me what I want. But, yes, I think that looking to Napleton and focusing on the fact that the text amendment applied district-wide, the court believed applying Napleton, Napleton is a facial challenge, and there are things that you have to do. And the plaintiff could have, maybe, brought a successful facial challenge and chose not to, notwithstanding an entreaty by the court. The plaintiff chose to stand on its complaint. On that basis, we would ask that the appellate court affirm the decision of the trial court and properly dismiss the complaint. Thank you. Counsel, do you wish to reply? I disagree with the village's position that had I brought an action for a facial challenge or if I could even have stated a facial challenge, that I could have gotten relief for my client. She says, well, you can challenge the constitutionality of the village's action, and the trial court can tell you that it's unconstitutional to deny your text amendment request. And my answer to that is, then what? And I submit to you the answer to that question is, then nothing. So, if the trial court gave you an opportunity to amend the pleadings, did you feel that it was just an exercise in futility and that's why you didn't do it? It is an exercise in futility. And that was an outcome. I disagree with counsel's analysis of the Napleton decision. In Napleton, the only reason, the reason that she amended her complaint on the initial 2615 is that she had not asked for any zoning relief. There was no request for zoning relief by the plaintiff in Napleton. And Napleton arose in a different context. It arose by the village taking action to amend its ordinance, not a request by a property owner to amend the ordinance. And I think that's a critical difference that has to be recognized, and that wasn't recognized by the trial court. I asked for zoning relief. I don't hear the village saying that a textamentary request isn't zoning relief. Just as if I had asked a property be zoned I, too. And when you deny that request, then I have a right to challenge the constitutionality of that as applied to my client's property. I think it's somewhat circuitous to say to me, well, you could have, you can't make an as applied challenge because you asked for a text amendment and then you're asking for a special use. She kept referring to your prayer for relief and saying that what you asked for was in the nature of a facial challenge. It was not as it applied to your client's individual property. At least that's what I understood her argument to be. You know, if you read the entire prayer for relief, the entire prayer for relief says that I want the court to declare the village's action to deny the text amendment as unconstitutional and to ask and to permit my client's proposed use of the property, which is spelled out here with a site plan, just like you would do if I had asked for an I, too zoning. If you go into court and ask for, if I go to the village and say, okay, I want this property rezoned from I-1 to I-2 because in I-2 you allow a contractor's office. Would this be just affecting this one piece of property? Yes. And I say, I want it rezoned I-2. And they say no, they deny it. Then you go to court and what are you asking the court to do? What is the prayer for relief? That the denial of your request for I-2, just like I asked for a denial, the denial of the text amendment is unconstitutional and the proposed use that I asked for is reasonable. The court in that situation, just like in any other zoning case, doesn't rezone the property. The court doesn't enter an order that says I rezone plaintiff's property I-2. What the court says is your refusal to rezone the property to I-2 is unconstitutional  That's the same thing that I'm asking for here, and I have the right to do that. The Constitution of Illinois says that you are entitled to get a remedy for every alleged wrong. Put me through the proofs. I understand that I've got to sustain my burden of proof at a trial, but this case should not have been dismissed on a 2-6-15. I state a cause of action for an as-applied challenge. That is the request for relief that I've made, and I should be entitled to proceed in court to prove my case. If I don't prove my case, deny me the relief. But don't throw me out on the basis that this is a facial challenge. No, I have to make a facial challenge because it's different, and it's different than Ableton. Thank you. Well, you know, the cases that you cite that we can't legislate, both sides have indicated that this factual scenario is really we can't find anything on it. So the cases that you cite are different, I mean factually different as far as this court legislating. So basically what you're arguing is that the denial of a text amendment that applies to the entire district can really never be challenged facially because there's nothing this court can do. Our heads are tied. We can't do anything, correct? No, I think that the request for a text amendment is zoning relief. If we accept that promise just for my argument, and I think it is, then when you deny that request, I have a right to bring an as-applied challenge, and the facts and circumstances of my client's property are relevant. Then we go to trial, and I have to prove that the denial of that text amendment was unconstitutional, was unreasonable, arbitrary, and capricious. And then I have to prove that my proposed use is reasonable. The court will apply the LaSalle factors just as it does to every other case, and then it will determine whether I sustain my burden of proof or not and whether I can use the property as I propose. I think that under the Napleton decision, Judge, I think, as I said before, if I had just taken their zoning code, I-1, does not permit contractors' yard as a permitted or a special use, if I just brought a lawsuit and said that's unconstitutional, I think it would be almost impossible to plead a facial challenge, especially in light of Judge Freeman's decision in Mapleton. But the essence of my position is, even if I could, you can't give me relief. All you can say is, hey, their action to deny your text amendment is unconstitutional, and so what? That's my advisory opinion. An advisory opinion can't be made, and an advisory opinion does me no good. The only way I can challenge what they did here is an as-applied challenge. I'd ask you to reverse the trial court. Thank you. We'll be in recess until 11.